Michael T. JIM, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 04–7006.

United States Court of Appeals, Federal Circuit.

Jan. 14, 2004.

Before LOURIE, LINN, and PROST, Circuit Judges.

*ORDER*

LINN, Circuit Judge.

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Michael T. Jim's appeal of the August 11, 2003 order of the Court of Appeals for Veterans Claims, *Jim v. Principi*, No. 02–0707, 2003 WL 21962439 (Vet.App. August 11, 2003), for lack of jurisdiction or, in the alternative, to summarily affirm in part. Jim has not responded.

Jim appealed to the United States Court of Appeals for Veterans Claims from a May 8, 2002 decision of the Board of Veterans' Appeals that determined there was no clear and unmistakable error (CUE) in a 1956 regional office (RO) decision that had denied service connection for multiple conditions. Jim argued that the RO committed CUE in 1956 by denying service connection for scoliosis and ankylosing spondylitis, and that the Board failed to provide an adequate statement of reasons or bases why a diagnosis of osteoporosis did not give rise to an inference of ankylosing spondylitis.

With regard to Jim's CUE allegation concerning scoliosis, the Court of Appeals for Veterans Claims stated that this argument was presented "for the first time in his brief for this appeal, and there is no mention of this argument anywhere in the record on appeal." Accordingly, the Court of Appeals for Veterans Claims determined that it was "jurisdictionally barred from hearing such a claim in the first instance." As to Jim's CUE challenge pertaining to ankylosing spondylitis, the Court of Appeals for Veterans Claims noted that Jim merely disagreed with how the facts were weighed or evaluated and that,

738

in the absence of "evidence that 'undebatable' error was made by the RO, the CUE claim is not valid," citing *Russell v. Principi,* 3 Vet.App. 310 (1992) (en banc).

The Court of Appeals for Veterans Claims concluded that the Board provided an adequate statement of reasons or bases in deciding that there was no CUE in the 1956 RO decision. The Court of Appeals for Veterans Claims stated that "disagreement with a medical diagnosis or disagreement as to how the facts were weighed and evaluated is not a valid basis for a CUE claim." The Court of Appeals for Veterans Claims affirmed the Board's decision, holding that the Board's CUE decision was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" (38 U.S.C. §§ 7261(a)(3)(A)), and that Jim failed to show that the Board erred under 38 U.S.C. § 7104(d)(1) "in its articulation of reasons or bases so as to warrant reversal or remand." Jim appealed.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Jim's appeal does not satisfy any of the grounds for invoking this court's jurisdiction. In his informal brief, Jim concedes that the decision on appeal did not involve the validity or interpretation of a statute or regulation and that the Court of Appeals for Veterans Claims did not decide a constitutional issue. Jim asserts that the Court of Appeals for Veterans Claims failed to properly weigh the evidence from certain x-rays and failed to afford him the benefit of the doubt. Applying the law of CUE to the facts, the Court of Appeals for

Veterans. Claims repeatedly stated that Jim's disagreement as to how the facts (e.g., the x-rays) were weighed did not constitute a valid CUE claim. Accordingly, his challenge pertaining to the weighing of evidence falls outside of this court's jurisdiction under 38 U.S.C. § 7292. The Court of Appeals for Veterans Claims factual determinations pertaining to the sufficiency of Jim's CUE claim or application of the law of CUE to the facts are not within our jurisdiction. In these circumstances, this court lacks jurisdiction to review Jim's appeal. *See* 38 U.S.C. § 7292(d).

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) The Secretary's alternative motion to summarily affirm in part is moot.

(3) Each side shall bear its own costs.